UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ATHANASIA MARKADAS AND, | § | |
| KONSTANTINOS VALLAS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | 5:17-cv-205 |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS AND | § | |
| DERICK MITCHELL | § | **(JURY)** |
| | § | |
| Defendants. | § | |

**DEFENDANT METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS' NOTICE OF REMOVAL**

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

Defendant Metropolitan Lloyds Insurance Company of Texas ("Metropolitan") files this Notice of Removal of Cause Number 2017CI02548, styled *Athanasia Markadas and Konstantinos Vallas v. Metropolitan Lloyds Insurance Company of Texas and Derick Mitchell,* currently pending in the 57th District Court, Bexar County, Texas. Metropolitan removes the case to the U.S. District Court for the Western District of Texas, San Antonio Division. As grounds for removal, Metropolitan states as follows:

**I.
OVERVIEW**

1.1    This case involves a dispute over insurance benefits under a Homeowners policy of insurance issued by Metropolitan to Plaintiffs Athanasia Markadas and Konstantinos Vallas, for alleged damage to the roof and siding of Plaintiffs' property located at 10516 Lost Bluff, San Antonio TX  78240, allegedly caused by wind and hail, which occurred on April 12, 2016. (*See* Plaintiffs' Original Petition). Plaintiffs commenced this action, styled *Athanasia Markadas and*

*Konstantinos Vallas v. Metropolitan Lloyds Insurance Company of Texas and Derick Mitchell,* against Metropolitan by filing Plaintiffs' Original Petition on February 10, 2017 under Cause Number 2017CI02548 in the 57th District Court, Bexar County, Texas.  According to the Plaintiffs' Original Petition in that suit, the Plaintiffs seek to recover damages from the Defendants in excess of $1,000,000.00. Metropolitan was served the Plaintiffs' Original Petition in that suit on February 17, 2017.  Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).  A true and correct copy of all process, pleadings, and the orders served upon Metropolitan in the state court action are being filed with this Notice as required by 28 U.S.C. § 1446(a), and are attached hereto as Exhibit "A".

## II.
## DIVERSITY JURISDICTION

2.1     The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties as contemplated by 28 U.S.C. § 1332(a). The Plaintiffs are now, and were at the time the lawsuit was filed, residents of the State of Texas. (*See* Plaintiffs' Original Petition).  Defendant Metropolitan is now, and was at the time the action was commenced, an unincorporated association of underwriters whose individual underwriters are citizens of the States of Florida, Illinois, Rhode Island, and Wisconsin, and are not residents or citizens of Texas.  "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Metropolitan] is determined . . . solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).[1]  Accordingly, Metropolitan is a

---

[1] "Fifth Circuit jurisprudence is equally clear."  *See Massey*, F. Supp. At 570 (citing *International Paper Co. v.*

citizen of the States of Florida, Illinois, Rhode Island, and Wisconsin, and complete diversity exists.

An additional defendant in the case is Derick Mitchell, who is a citizen of the State of Texas.  Derick Mitchell's citizenship, however, should not be taken into consideration for purposes of determining diversity as he has been improperly joined in this action.  There being complete diversity between the Plaintiffs and Defendant Metropolitan, this case is properly removed to the U.S. District Court for the Western District of Texas, San Antonio Division.

2.2     The doctrine of improper joinder is an exception to the requirement of complete diversity and provides that a defendant may remove a case to a federal forum unless the in-state defendants were properly joined.  *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  Improper joinder is demonstrated where (1) there is actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-diverse party in state court.  *See Travis v. Irby*, 325 F.3d 644, 646-47 (5th Cir. 2003).  In this case the Plaintiff is unable to establish a cause of action against Defendant Derick Mitchell, thereby rendering his joinder improper.

2.3     The Plaintiffs' allegations against Defendant Derick Mitchell are generic and formulaic claims under the Texas Insurance Code, the Texas Deceptive Trade Practices Act, breach of the duty of good faith and fair dealing, and fraud, and are unsupported by real facts. Such claims are in violation not only of the pleading requirements set forth in Rule 91a of the Texas Rules of Civil Procedure, but also the federal pleading requirements established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1945, 173 L.Ed.2d 868 (2009).  The allegations against Defendant Derick Mitchell in this case set forth nothing more than bare legal

*Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997).

conclusions together with a formulaic recitation of the elements of a cause of action. These generic recitations on their face not only fail to state a viable cause of action under Texas law but also fail to evidence a plausible entitlement to relief to support the joinder of Defendant Derick Mitchell. As such, the allegations against Defendant Derick Mitchell exemplify the badge of improper joinder.

2.4    Policyholders in Texas have a long history of improperly joining insurance adjusters and agents as party-defendants in first-party suits against their insurance company to recover policy benefits in an effort to avoid removal of the case from state court to federal court. This is yet another example of one such case. The essence of this lawsuit is the Plaintiffs' right of recovery under the insurance contract. Under such circumstances, Defendant Derick Mitchell has been improperly joined. Because Defendant Derick Mitchell has been improperly joined, the claims against him should not only be disregarded for purposes of determining diversity, but also should also be dismissed in their entirety as a matter of law.

### III.
### REMOVAL PROPER

3.1    Disregarding the citizenship of Defendant Derick Mitchell, this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as an action wholly between citizens of different states with the matter in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.

3.2    Under 28 U.S.C. § 1441(a), the removed action is proper in this Court as the district and division embracing the place where the state court action is pending.

3.3    Defendant Metropolitan, the removing party, will promptly give the parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Metropolitan will promptly file a copy of this Notice of Removal with the clerk of the 57th

District Court, Bexar County, Texas, where the action is currently pending, also pursuant to 28

U.S.C. § 1446(d).

## IV.
## EXHIBITS ACCOMPANYING REMOVAL

4.1     In conjunction with filing this Notice of Removal, Defendant Metropolitan files

the following documents as exhibits:

Exhibit "A" – Index/Documents filed in the 57th District Court, Bexar County,
Texas

WHEREFORE, PREMISES CONSIDERED, Defendant Metropolitan Lloyds Insurance

Company of Texas, pursuant to these statutes and in conformance with the requirements set forth

in 28 U.S.C. § 1446, removes Cause Number 2017CI02548, styled, *Athanasia Markadas and*

*Konstantinos Vallas v. Metropolitan Lloyds Insurance Company and Derick Mitchell,* from the

57th District Court, Bexar County, Texas to this Court on the 16th day of March, 2017, for trial

and determination.

Respectfully submitted,

STACY | CONDER | ALLEN LLP


_____*/s/ Dennis D. Conder*_____
By:     Dennis D. Conder
        State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

**ATTORNEYS FOR DEFENDANT**
**METROPOLITAN LLOYDS INSURANCE**
**COMPANY OF TEXAS**

## **CERTIFICATE OF SERVICE**

On March 16, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically and by facsimile, or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ - Dennis D. Conder*

Dennis D. Conder

PAN/PLDG/582578.1/001466.17969