

GERARD C. RICKHOFF          DONNA KAY McKINNEY

# COUNTY CLERK & DISTRICT CLERK
## COURT RECORDS SEARCH

# Case #2017CI02548

**Name** : ATHANASIA MARKADAS

**Date Filed** : 02/10/2017

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 057

**Docket Type** : DEBT/CONTRACT

**Business Name** :

**Style** : ATHANASIA MARKADAS ETAL

**Style (2)** : vs METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS ETA



EXHIBIT
A

# Case History

*Currently viewing 1 through 7 of 7 records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00005 | 2/23/2017 | ORIGINAL ANSWER OF METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS |
| P00004 | 2/23/2017 | ORIGINAL ANSWER OF DERICK MITCHELL |
| S00002 | 2/13/2017 | CITATION CERTIFIED MAIL<br>DERICK MITCHELL<br>ISSUED: 2/13/2017 RECEIVED: 2/13/2017<br>EXECUTED: 2/17/2017 RETURNED: 2/21/2017 |
| S00001 | 2/13/2017 | CITATION CERTIFIED MAIL<br>METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS<br>ISSUED: 2/13/2017 RECEIVED: 2/13/2017<br>EXECUTED: 2/17/2017 RETURNED: 2/21/2017 |
| P00003 | 2/10/2017 | PET FOR HAIL DAMAGE RESIDENTIAL WITH JURY DEMAND |
| P00002 | 2/10/2017 | JURY FEE PAID |
| P00001 | 2/10/2017 | SERVICE ASSIGNED TO CLERK 1 |

FILED
2/10/2017 3:52:41 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Debra Garay

# 2CITCML-SAC1 W/JD

CAUSE NO. **2017CI02548**

| | | |
|---|---|---|
| ATHANASIA MARKADAS AND | § | IN THE DISTRICT COURT |
| KONSTANTINOS VALLAS | § | |
| | § | |
| VS. | § | 57 th JUDICIAL DISTRICT |
| | § | |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS and DERICK | § | BEXAR COUNTY, TEXAS |
| MITCHELL | § | |

## PLAINTIFFS' ORIGINAL PETITION WITH DISCOVERY ATTACHED

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ATHANASIA MARKADAS and KONSTANTINOS VALLAS (hereinafter referred to as "Plaintiffs") complaining of Defendant METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS and DERICK MITCHELL(hereinafter referred to as "Defendants" or "MetLife") and hereby respectfully show unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiffs, Athanasia Markadas and Konstantinos Vallas, are individuals and residents of Bexar County.

Defendant, MetLife, is a domestic insurance company operating in the State of Texas procuring and adjusting policies in Texas. MetLife can be served through its registered agent at the following address:

C T Corporation System

1999 Bryan St Ste 900
Dallas TX 75201 -3136

Defendant, Derick Mitchell, is a resident who participated in adjusting Plaintiffs' claim. Derick Mitchell can be served at the following address:

3660 Regent Blvd Ste 150
Irving, TX 75063 2208

### III. JURISDICTION AND VENUE

This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Bexar County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code § 15.002) and the insured property that is the basis of this lawsuit is located in Dallas County, Texas.

### IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

A.      Plaintiffs are the owners of insurance Policy No. H 1425139260 issued by the Defendants (hereinafter referred to as the "Policy").

B.      Plaintiffs own the insured property which is specifically located at 10516 Lost Bluff San Antonio Texas 78240, Bexar County (hereinafter referred to as the "Property").

C.      Defendants or their agents sold the Policy, insuring the Property, to Plaintiffs.

D.      On or about April 12, 2016, a wind and hail storm struck South Central Texas causing severe damage to homes and businesses throughout the area, including Plaintiffs' Property.

E.      Plaintiffs submitted a claim to Defendants against the Policy for roof and other damage and resulting water damage the Property sustained as a result of a wind and hail storm. Plaintiffs asked that Defendants cover the cost of repairs to the Property pursuant to the

2

Policy and any other available coverages under the Policy.

F.    Defendants have assigned Claim Number JDF90152 04 to Plaintiffs' claim.

G.    Defendant Metlife hired and/or assigned Defendant Mitchell to adjust the claim.

H.    Defendant's adjuster and Defendants failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

I.    Defendant Mitchell conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted, or should have noted, during the inspection, and undervalued the damages he observed during the brief 15 minute inspection. Although Defendant Mitchell inspected the property once more, he again undervalued the true damage to Plaintiffs' property.

J.    Plaintiffs' claim still remains unpaid and Plaintiffs still have not been able to properly repair the Property.

K.    Defendants failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendants failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Defendants' conduct constitutes a breach of the insurance contract between Defendants and Plaintiffs.

K.    Defendants misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

3

L.     Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

M.     Defendants failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. TEX. INS. CODE Section 541.060(a)(3).

N.     Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

O.     Defendants refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

P.     Defendants failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and

4

requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated deadline. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

Q.    Defendants failed to accept or deny Plaintiffs' full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

R.    Defendants failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendants have delayed full payment of Plaintiffs' claim longer than allowed and, to date; Plaintiffs have not yet received full payment for their claim. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

S.    From and after the time Plaintiffs' claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendants have refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

T.    As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

U.    Plaintiffs' experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they

5

constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiffs purchased, Defendants have the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from a wind and hail storm. As a result of a Wind and Hailstorm and/or ensuing losses from a wind and hail storm, both of which are covered perils under the Policy, Plaintiffs' home and personal Property have been damaged.

Defendants' failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's' contract with Plaintiffs.  As a result of this breach of contract, Plaintiffs have suffered the damages that are described in this petition.

### B. Cause of Action for Violation of Section 542

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiffs' claim, Defendants did not request from Plaintiffs any items, statements, and forms that it reasonably believed at that time would be required from Plaintiffs for

6

their claim. As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiffs' claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiffs' claim within the applicable statutory period. In addition, in the event it is determined that Defendants owe Plaintiffs any additional monies on Plaintiffs' claim, then Defendants have automatically violated Section 542 in this case.

**C. DTPA Cause of Action**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. Plaintiffs are consumers of goods and services provided by Defendants pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46 (b)(2), (5), (7), (9), (12) and (24) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) its unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, (2) its failure to give Plaintiffs the benefit of the doubt, and (3) its failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear.

7

As described in this petition, Defendants represented to Plaintiffs that its insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendants represented to Plaintiffs that its insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendants advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

A.    As described in this petition, Defendants represented to Plaintiffs that its insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) of the DTPA;

B.    As described in this petition, Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed, which gives Plaintiffs the right to recover under Section 17.46 (b)(24) of the DTPA;

C.    Defendants have breached an express warranty that the damage caused by a wind and hail storm would be covered under the insurance policies. This breach entitles Plaintiffs to recover under Sections 17.46 (b)(12) and (19) and 17.50 (a)(2) of the DTPA;

D.    Defendants' actions, as described in this petition, are unconscionable in that it took

8

advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

E.   Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiffs' damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. Cause of Action for Unfair Insurance Practices**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code. Plaintiffs have satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim and Defendants' failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiffs the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

A.   Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.   Engaging in unfair claims settlement practices;

C.   Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

D.   Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.   Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;

F.   Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim; and

G.   Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

**E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendants have breached its common law duty of

10

good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendants have also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered.

These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiffs' damages.

### F. Cause of Action for Fraud

Defendants are liable to Plaintiffs for common law fraud. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants knew were false or made recklessly without any knowledge of their truth as a positive assertion. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### VII. WAIVER AND ESTOPPEL

Defendanst have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

### VIII. DAMAGES

The above described acts, omissions, failures and conduct of Defendants have caused Plaintiffs' damages which include, without limitation, the cost to properly repair Plaintiffs' home

11

and any investigative and engineering fees incurred in the claim. Plaintiffs are also entitled to recover consequential damages from Defendants' breach of contract. Plaintiffs are also entitled to recover the amount of their claim plus an 18% per annum penalty on that claim against Defendants as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court.

## IX. STATEMENT OF RELIEF AND DAMAGES OVER $200,000

The total damages sought by Plaintiffs against Defendants for all elements of damage exceed the sum $200,000, including exemplary and punitive damages, penalties, attorneys' fees, interests, and costs. Plaintiffs will not seek or accept damages and/or award that may be rendered in the above-captioned matter in excess of $1,000,000. As a result of Defendants' conduct that is described in this petition, Plaintiffs plead out of the expedited actions process governed by Rules 47 and 169 under the Texas Rules of Civil Procedure. Plaintiffs further plead for judgment for all the other relief to which it deems justly entitled.

## X. ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiffs are further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## XI. EXEMPLARY DAMAGES

Defendants' breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs and with "malice"

12

as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XII. ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XIII. WRITTEN DISCOVERY

*Plaintiffs' Request for Disclosure, Requests for Production, and Interrogatories to Defendants* are attached hereto.

## XIV. JURY DEMAND

Plaintiffs assert Plaintiffs' right to a trial by jury, under Texas Constitution Article 1, Section 15, and make this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiffs tender the fee of $30.00, as required by Texas Government Code Section 51.604.

## XV. PRAYER

13

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

HILLEY & SOLIS, P.L.L.C.
310 S. St. Mary's, Suite 2900
San Antonio, Texas 78205
Telephone: (210) 446-5000
Telecopier: (210) 446-5001

By:_____
   DEREK HILLEY
   State Bar No. 24056770
   dhilley@hilley-solis.com

   CARLOS A. SOLIS
   State Bar No. 24060636
   csolis@hilley-solis.com

ATTORNEYS FOR PLAINTIFF,
   Athanasia Markadas
   and Konstantinos Vallas

14

CAUSE NO. _____

| | | |
|---|---|---|
| ATHANASIA MARKADAS AND | § | IN THE DISTRICT COURT |
| KONSTANTINOS VALLAS | § | |
| | § | |
| VS. | § | ___th JUDICIAL DISTRICT |
| | § | |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS and DERICK | § | BEXAR COUNTY, TEXAS |
| MITCHELL | § | |

### PLAINTIFFS' ORIGINAL REQUEST FOR DISCLOSURE, REQUESTS FOR PRODUCTION, AND INTERROGATORIES TO DEFENDANTS

TO:     Defendants, METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS ("MetLife"), and Derick Mitchell ("Mitchell") by and through its registered agent for service of process along with Plaintiffs' Original Petition which is attached hereto.

COMES NOW, Athanasia Markadas and Konstantinos Vallas ("Plaintiffs") and, pursuant to the Texas Rules of Civil Procedure, hereby serve their Request for Disclosure, Requests for Production, and Interrogatories. Plaintiffs request that Defendants timely and properly respond to these discovery requests within 50 days of service in accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,

HILLEY & SOLIS, P.L.L.C.
310 S. St. Mary's, Suite 2900
San Antonio, Texas 78205
Telephone: (210) 446-5000
Telecopier: (210) 446-5001

By:_____
        DEREK HILLEY
        State Bar No. 24056770
        dhilley@hilley-solis.com

15

CARLOS A. SOLIS
State Bar No. 24060636
csolis@hilley-solis.com


ATTORNEYS FOR PLAINTIFFS,
Athanasia Markadas
and Konstantinos Vallas

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served along with Plaintiffs' Original Petition on the Defendants in accordance with the Texas Rules of Civil Procedure.

_____
DEREK HILLEY
CARLOS A. SOLIS

17

## INSTRUCTIONS

1.  Produce the Documents in your possession, custody, or control, as such phrase is defined in Texas Rule of Civil Procedure 192.7(b), described in the attached requests for production, at the offices of the undersigned counsel within thirty (30) days following service of the request upon you or your attorney.

2.  Please respond to the attached Interrogatories in accordance with the requirements of Texas Rule of Civil Procedure 197 and return your responses to the offices of the undersigned counsel within thirty (30) days following service of the request upon you or your attorney.

3.  Please respond to the attached Request for Production in accordance with the requirements of Texas Rule of Civil Procedure 196 and return your responses to the offices of the undersigned counsel within thirty (30) days following service of the request upon you or your attorney

4.  Pursuant to Rule 197.2(d), your Interrogatory answers must be verified. Pursuant to Rule 197.2(c), where appropriate, you may optionally produce records in response to the Interrogatories. Place your response to each Request and Interrogatory in a separate document and restate each Request and Interrogatory followed by your response.

5.  Singular and masculine forms of any nouns or pronouns shall embrace and be applied as the plural, feminine, or neuter, as the context requires, and vice versa.

6.  The past tense of any verb shall embrace and be applied as the present tense, as the context requires or as applicable, or vice versa.

7.  Each request is to be construed and answered or responded to separately and independently, and is not to be referenced to any other request for purposes of limitations.

8.  These requests and interrogatories and your answers to them may be offered in evidence at the trial of this case.

9.  Your failure to respond to these requests and interrogatories as required by the Texas Rules of Civil Procedure within the time required may result in entry of judgment against you, assessment of attorney's fees against you, or other sanctions as determined by the Court.

10. These requests are continuing in nature and require supplementation as soon as practical if you or your attorney obtain information which reveals that your answers were incorrect or incomplete when made or that your answers are no longer correct or complete.

11. Documents produced pursuant to these requests should be tendered either in the precise form or manner as they are kept in the usual course of business, or organized and labeled to correspond with the categories in the requests to which they respond.

12. These requests include request for production of electronic or magnetic data by either: (1)

providing the undersigned counsel with access to the medium upon which such date is kept so that such data may be reviewed, copied and/or printed; or (2) providing the undersigned counsel with a copy of such data on disk, CD, tape or other acceptable medium in a form in which it may be reviewed, copied and/or printed.

13. The Interrogatories and Requests herein requesting information concerning legal contentions and the factual bases of such contentions are propounded pursuant to Texas Rules of Civil Procedure, Paragraph 192.3(j).

14. If you withhold any Documents from production, please identify the information and material withheld and the specific privilege asserted for each item or group of items withheld, as required by Texas Rules of Civil Procedure 193.3(b). **THIS IS A REQUEST FOR A PRIVILEGE LOG**.

## DEFINITIONS

1.     "Defendants" or "MetLife," or "Mitchell", "You," "Your," and/or "Yourself" means Defendants, MetLife, and its agents, representatives, attorneys, and any other person or entity acting on behalf of it or any of the foregoing.

2.     "Plaintiffs" means Plaintiffs, Athanasia Markadas and Konstantinos Vallas, and their agents, representatives, attorneys, and any other person or entity acting on behalf of them or any of the foregoing.

3.     The "Property" means the residence(s) specifically described in Plaintiffs' Petition and which is the insured's property(ies) at issue in this Lawsuit.

4.     The "Lawsuit" means the above-styled and numbered case.

5.     "Party" or "Parties" shall mean any and/or all parties to the Lawsuit, including Plaintiffs and/or any Defendants.

6.     The "Petition" means Plaintiffs' Original Petition and/or any amendments and supplements thereto filed in the Lawsuit.

7.     The "Policy" means Policy Number(s) issued by Defendants, which is the basis of this Lawsuit.

8.     The word "Document" or "Documents" is used herein in its broadest sense to include any medium upon or with which information is recorded or preserved which belongs to, or is in or subject to the possession, custody or control of, any of the Parties named and defined hereinabove, by whomever generated or received, including without limitation: writings; printings; drawings; graphs; charts; notes; typewritings; photographs; slides; motion pictures; videotapes or cassettes; phonographs records; type or other mechanical recordings; computer records; electronic mail (e-mail - whether in electronic form or printed on paper or in any other form); information storage devices; disks; or printouts; brochures; pamphlets; maps; surveys; calendars; contracts; interoffice communications; telephone recordings; ledgers; books; statements of account; journals; notices; letter; catalogs; canceled checks; bank statements; invoices; bills; diaries; purchase orders; memoranda of telephone communications; telegrams; telexes or "TWX's"; telecopies; drafts or preliminary versions of the foregoing; communications to or from any governmental or law enforcement sub-division, officer, or agency; and, any other instrument, writing, recording, or data compilation of any nature whatsoever, including any carbon, photographic, microfilm, or other type of copy of such items, if such copy is different from the original by reasons of any markings, additions, commentaries, revisions, deletions, or substitutions. **This definition requires you to search for and produce electronic Documents.**

9.     The term "person" as used herein shall mean and include an individual, sole proprietorship, association, firm, partnership, joint venture, corporation, board, committee, agency,

commission, or any other legal entity of any type for any purpose, whether public or private.

10.    The terms "reflecting" or "evidencing," when used in reference to a certain subject or thing as used herein, shall mean and include to reflect, to evidence, to mention, to discuss, to describe, to explain, to embody, to constitute, or to include that subject or thing.

11.    The term "correspondence" means the written or unwritten transmittal of information or data in the form of facts, ideas, inquiries or otherwise, including but not limited to e-mails, text messages, instant messages, written Documents, facsimiles, saved computer data, and audio and video recordings.

12.    "Meeting" means any encounter between two or more persons during which an oral or written communication occurred and includes, but is not limited to, formal and informal gatherings, conversations and telephone conversations.

13.    The term "communicate" or "communication" shall mean (a) every manner or means of communication, disclosure, transfer, or exchange of information and, (b) every communication, disclosure, transfer, or exchange of information, whether made or accomplished orally or by Document, whether in person, by telephone, mail, e-mail, facsimile, personal delivery, or otherwise. Communications includes, but is not limited to, all agreements.

14.    The term "or" as used herein shall mean and include "and" or "and/or".

15    The term "all" as used herein shall mean "any" and "all".

16.    The term "including" as used herein shall mean "including but not limited to".

17.    The term "fact" as used herein shall include, without limitation, every relevant matter, occurrence, act, event, transaction, occasion, meeting, Document, instance, circumstance, recitation, writing, or other happening.

18.    Certain other terms may be defined within the discovery requests herein.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff request that you disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) - (l).

## REQUESTS FOR PRODUCTION AND INTERROGATORIES

Please produce the following documents or tangible things and/or answer the following interrogatories, as applicable:

1.   A complete, certified copy of the insurance Policy(s) in effect on the date of Plaintiffs' claim(s).

2.   The entire claims investigation files generated and maintained by Defendants in the ordinary course of business pertaining to Plaintiffs' claim(s) making the basis of this lawsuit.

3.   Your entire claim file regarding the Property.

4.   All training and educational materials which instruct claims adjusters or claims handlers in handling claims for property damage and water damage coverage under homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

5.   All training and educational materials which instruct claims adjusters or claims handlers in handling claims for coverage of property and water damage claims under homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

6.   All procedure or policy manuals or guides meant to guide and assist claims adjusters or claims handlers in handling claims for property and water damages, including the criteria for and the process for evaluating whether coverage exists under homeowners' policies in Texas. This request is limited to the last five (5) years.

7.   All procedure or policy manuals or guides meant to guide and assist claims adjusters or claims handlers in handling claims for property and water damages to the house, including the criteria for and the process for evaluating whether coverage exists under homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

8.   All communications and documents, including electronic, between Defendants and Plaintiffs regarding Plaintiffs' claim(s).

9.   All communications and documents, including electronic, between Defendants and any third party regarding Plaintiffs' claim(s).

10.  All communications and documents, including electronic, between Defendants and any

other defendant(s) in this Lawsuit regarding Plaintiffs' claim(s).

11.     All communications and documents, including electronic, between Defendants' business
        departments including all persons part of the Defendants' company regarding Plaintiffs'
        claim(s).

12.     All communications and documents Defendants sent to any other defendant(s) in this
        Lawsuit regarding Plaintiffs or the Property, after Plaintiffs made their claim(s) for
        coverage.

13.     All photographs, diagrams, drawings, or other graphic depictions of Plaintiffs' and/or the
        Property.

14.     Any and all documents, reports, estimates, data, emails, notes, photos, videos, manuals,
        guides, and summaries regarding the insurance claim(s) made the basis of this Lawsuit,
        including but not limited to all estimates prepared by all claims adjusters of Defendants
        regarding the Property and all reports prepared by all engineers hired by Defendants to
        inspect, test, or observe the Property.

15.     All reports and other documents from governmental agencies or offices regarding
        Plaintiffs' Property or containing officially kept information regarding Plaintiffs'
        Property.

16.     Any and all claims files and claim reports, including but not limited to notes, emails, data,
        photos, videos, manuals, guides, summaries and claim documents, regarding all
        homeowner insurance claims made by Plaintiffs under their homeowner insurance
        policies, specifically regarding damage to the exterior and interior of Plaintiffs' property.
        This request is limited to the last ten (10) years.

17.     Any and all records and/or documents explaining criteria utilized to qualify vendors for
        the "approved vendor list."

18.     Any and all records and/or documents maintained by person(s) responsible for
        maintaining and updating the "approved vendors list."

19.     Any and all records and/or documents maintained by person(s) responsible for creating
        the criteria utilized to qualify vendors, including contractors and roofing companies, for the
        "approved vendors list".

20.     All documents including reports, estimates, data, emails, testing, sampling, videos and
        photographs received by Defendants from any source regarding inspections of Plaintiffs'
        property.

21.     Any and all records Defendants received, including those obtained by way of deposition
        by written questions, regarding Plaintiffs' Property.

22.     Any and all records or documents Defendants have reviewed and/or obtained regarding
        Plaintiffs' Property.

23.     Any and all claims files Defendants have reviewed and/or obtained regarding Plaintiffs'
        Property.

24.     Any and all records or documents Defendants have reviewed and/or obtained by third
        parties regarding Plaintiffs' Property.

25.     All materials meant to instruct and guide claims adjusters under Texas law and/or
        company policy with regard to unfair claims settlement practices, unfair claims handling
        practices, standards to be met in adjusting or handling first party insurance claims, and/or
        avoiding charges of bad faith. This request is limited to the last five (5) years.

26.     All bulletins or other communications received from the Texas Department of Insurance,
        the Texas Insurance Commissioner, or their agents, regarding practices in the handling of
        claims for property and water damage under homeowner insurance policies in Texas. This
        request is limited to the last five (5) years.

27.     All materials meant to instruct and guide claims adjusters under Texas law and/or company
        policy with regard to unfair claims settlement practices, unfair claims handling practices,
        standards to be met in adjusting or handling first party insurance claims, or avoiding
        charges of bad faith. This request is limited to the last five (5) years.

28.     All materials meant to instruct and guide claims adjusters under Texas law and/or company
        policy with regard to understanding and complying with the Texas Insurance Code
        §541.060 *et seq.* This request is specifically limited to the last five (5) years.

29.     All materials meant to instruct and guide claims adjusters under Texas law and/or
        company policy with regard to understanding and complying with the Texas Insurance
        Code §542.055 *et seq.* This request is specifically limited to the last five (5) years.

30.     Any and all materials, documents, statements and/or files that demonstrate Defendants' net
        worth and Defendants' net income. This request is limited to the last five (5) years.

31.     Any and all materials, documents, statements and/or files that reflect complaints and/or
        lawsuits, filed by insured's against Defendants regarding the handling, review and/or
        adjusting of homeowner claims in Texas. This request is limited to the last five (5) years.

32.     A copy of each advertisement Defendants have used, published and/or distributed, through
        any means, in Texas. This request is limited to the last five (5) years.

33.     Any and all reference materials, handouts, manuals, outlines, articles, and/or documents
        used or relied upon by Defendants to conduct any seminars and/or continuing education
        classes for Defendants' employees and/or adjusters, regarding the adjusting and/or
        handling of homeowner insurance claims, commercial insurance claims, and property

damage and water damage claims in Texas. This request is limited to the last five (5) years.

34. Any and all materials, handouts, manuals, outlines, articles and/or documents issued by Defendants to claims representatives and/or adjusters, or received by claims Representatives and/or adjusters, or relied upon by claims representatives and/or adjusters, pertaining to the adjuster and/or handling of homeowner insurance claims, commercial insurance claims, and property damage and water damage claims in Texas. This request is limited to the last five (5) years.

35. Any and all reference materials, handouts, manuals, outlines, articles, and/or documents distributed and/or disbursed to Defendants' employer, employees, agents and/or representatives in connection with attendance at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property and water damage claims in Texas, within the last five (5) years.

36. Any and all material reflecting Defendants' attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims and property damage and water damage claims in Texas. This request is limited to the last five (5) years.

37. Any and all materials, documents, files and/or reports sent to Defendants by their employer, employees, agents and/or representatives on a monthly, weekly, or daily basis regarding Plaintiffs' claim(s). Include any and all field notes and summaries of the room-by-room scope of Plaintiffs' property.

38. Any and all materials, documents, files and/or reports containing list(s) of contractors and engineering companies that have been approved and/or recommended for performance of services for Defendants in Texas, specifically related to homeowner insurance claims. This request is limited to the last five (5) years.

39. Any and all computer programs, electronic data, documents and/or manuals used by the adjusters and claims representatives to perform property damage and water damage estimates relating to homeowner insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiffs' claim(s). This request is limited to the last five (5) years.

40. Any and all reference materials, handouts, manuals, outlines, articles and/or documents that have been distributed by and/or disbursed to Defendants regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas. This request is limited to the last five (5) years.

41. Any and all materials, documents, files and/or reports of contractors and engineering companies that have been approved and/or recommended for performance of services for Defendants in Texas. This request is limited to the last five (5) years.

42. Any and all materials, documents, files, invoices, and/or reports of any and all contractors and engineering companies retained to investigate, inspect, and/or evaluate Plaintiffs' claim(s) that are the subject of this lawsuit, prepared on behalf of the Defendants.

43. Any and all materials, documents, files, invoices, and/or reports of any and all contractors and engineering and/or foundation repair companies retained to investigate, inspect, and/or evaluate claims similar in nature to Plaintiffs' claim(s) asserted in this lawsuit, prepared on behalf of Defendants. This request is limited to the State of Texas. This request is limited to the last five (5) years.

44. Any and all activity logs relating to Plaintiffs' claim(s) for property and water damage claims, to their Property, specifically the claim(s) made the basis of this Lawsuit.

45. Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendants contend applied to Plaintiffs' claim(s).

46. Any and all organizational charts for Defendants.

47. Any and all organizational charts or diagrams for each department, unit, or section of Defendants to which Plaintiffs' claim(s) was assigned. This request is limited to the last five (5) years.

48. Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiffs' claim(s).

49. Any and all documents reflecting or relating to Defendants' decisions to pay or deny additional expenses to or on behalf of Plaintiffs in this case.

50. Any and all records reflecting payment to Plaintiffs concerning Plaintiffs' claim(s) made the basis of this suit.

51. Any and all documents, including correspondence and checks, exchanged between Defendants and any and all vendors concerning Plaintiffs' claim(s).

52. Any and all documents relating to or reflecting referrals of vendors to Plaintiffs or any insureds.

53. If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the privilege which Defendants claim properly precludes the information from being discovered.

54. Any and all advanced or specialized certifications of personnel who inspected, investigated, and/or supervised the adjusting of the claim(s) pertaining to Plaintiffs'

Property.

55. Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendants, Plaintiffs, and any other entities with whom Defendants worked or communicated regarding Plaintiffs' Property.

56. All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of Defendants from the Property.

57. Any and all indemnity agreement between Defendants and any other Defendants, person, entity, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

58. Any and all complaint policies and procedures of Defendants regarding the handling of complaints made by homeowner insured's. This request is limited to the last five (5) years.

59. Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiffs' claim(s) regarding the Property.

60. All non-privileged e-mails regarding the investigation, adjusting and/or handling of the claim(s) made the basis of this Lawsuit.

61. All e-mails between Defendants' adjusters, engineers, supervisors, officers, and/or executives regarding changes in the educational programs relating to the handling of property damage and water damage claims.

62. All computer files, databases, electronically-stored information or computer-stored information regarding property damage and water damage that have been compiled, prepared and/or supervised by Defendants, whether or not they are in Defendants' possession or in the possession of another entity.

63. True and complete copies of all billing records from any and all adjusters and engineers regarding the claim(s) made the basis of this Lawsuit.

64. True and complete copy of activity logs filed by the staff and adjusters on the file.

65. Any and all reports, documents or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

66. True and complete copies of all billings on the file from the adjusters, including the time sheets or documentation used to justify the billing. Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses and vendors on this file including but not limited to dates, changes, and requests made by adjusters. This request is limited to the last five (5) years.

67. Any and all correspondence and lawsuits involving vendors, staff or management involved

27

with property and/or water damage claims from 2003 to present.

68.     Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal records, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of claims files, management of property damage and water damage, including staff and vendors.

69.     Any and all answers made in previous discovery requests for lists of property and water damage databases.

70.     Any and all answers and affidavits made by Defendants and its counsels in previous discovery requests for training procedures, training manuals for property and water damage claims.

71.     Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.

72.     Any and all reports, documents or correspondence containing names of designated individuals who gave testimony as Person Most Knowledgeable as a corporate representative of Defendants for property claims, property damage and water damage for 2003 through the present, including but not limited to any lists of the lawsuits where testimony was given.

73.     Any and all training manuals used by you to train your adjusters on property damage and water damage claims. This request is limited to the last five (5) years.

74.     Any and all correspondence from Defendants to and from vendors regarding any instructions, procedures, changes, training, payments and billing for property, property damage and water damage claims for 2003 through the present, including but not limited to computer disks, e-mails, paperwork and manuals.

75.     Any and all reports, documents, or correspondence containing a list of attendees and dates and locations of all meetings conducted by Defendants for all the adjusters and Defendant staff for property damage and water damage claims training. This request is limited to the last five (5) years.

76.     Any and all reports, documents or correspondence containing lists of files with written complaints or DOI complaints on property damage and water damage claims previously gathered and produced in other TDI complaints or lawsuits. This request is limited to the last five (5) years.

77.     Any and all reports, documents or correspondence containing lists of all suits filed against Defendants or its entities or affiliates nationwide containing an element of property damage and water damage disputes for 2003 through the present.

78.     Any and all reports, documents or correspondence containing lawsuits where lists of all

suits filed against Defendants or its entities or affiliates nationwide containing an element of property damage and water damage or disputes for 2003 through the present were previously produced.

79. Copies of front and back of all checks paid under the insurance Policy issued by Defendants for which an insurance claim was filed by Plaintiffs that forms the basis of this Lawsuit. (Specifically, the insurance policy in effect during the time of the insurance claim).

80. Copies of the front and back of all checks paid on the insurance claim made the basis of this Lawsuit.

81. Copies of the front and back of each negotiated check(s) made payable solely or co-payable to Plaintiffs under the insurance Policy issued by Defendant for which an insurance claim was filed by Plaintiffs that forms the basis of this Lawsuit. (Specifically, the insurance policy in effect during the time of the insurance claim).

82. Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiffs regarding the insurance claim made the basis of this lawsuit.

83. Copies of the front and back of each check made payable solely or co-payable to Plaintiffs under the insurance Policy issued by Defendanst for which an insurance claim was filed by Plaintiffs that forms the basis of this Lawsuit. (Specifically, the insurance policy in effect during the time of the insurance claim).

84. Copies of the front and back of each check made payable solely or co-payable to Plaintiffs regarding the insurance claim made the basis of this lawsuit.

85. Studies commissioned by Defendants including any done by a law firm to analyze their claim(s) management strategies and/or to help them improve corporate profits.

86. Affidavits or depositions of the employee(s) who handled Plaintiffs' claim(s) to their supervisors in other cases involving this same or similar allegations in this case.

87. The entire underwriter's file for underwriting the insurance policy made the basis of this Lawsuit.

88. All notes, reports, documents, or applications created and/or generated by Defendants' underwriting department related to the insurance Policy made the basis of this lawsuit.

89. All documents and communications, including electronic, between any engineer(s) or engineering company(s), used to evaluate Plaintiffs' claim(s), or other person(s) used in handling Plaintiffs' claim(s) and Defendants in the last five years regarding, in any way, the investigation of a homeowners' residence, commercial building or church involving damages to the structures or its contents.

90.   State the name, address, telephone number, and position or job title of all persons answering these interrogatories.

91.   If you contend that any conditions precedent to Plaintiffs' recovery have not been met, whether said conditions be stated in the insurance policy or required by law, please state what conditions have not been met and describe the factual bases for such contention.

92.   List the date(s) Defendants requested Plaintiffs to provide any of the named Defendants in this Lawsuit with requested information which Defendants contend were required in order to properly evaluate Plaintiffs' claim(s).

93.   List the date(s) Defendants received Plaintiffs' notice of claim(s) for coverage for property damages and the date(s) Defendants first acknowledged Plaintiffs' notice of claim(s) and in what form the notice of claim was submitted.

94.   If you contend that Plaintiffs did not provide any of the named Defendants in this Lawsuit with requested information which you contend was required in order to properly evaluate Plaintiff's' claim(s), please state what information was requested and not provided and the dates of such alleged requests.

95.   State the name, address, telephone number, and job title or position of all persons who investigated, reviewed, handled, or made decisions regarding Plaintiffs' claim(s). For all such persons who are no longer employees, agents, or representatives of any Defendants, please so indicate and provide the person's last known address and telephone number.

96.   State every basis, in fact and in the terms of Plaintiff's Policy, for Defendants' denial and/or recommendation of denial of Plaintiffs' claim(s) under the Policy.

97.   State every basis, in fact and in the terms of Plaintiff's Policies, for Defendants' failure to pay for Plaintiffs' full damage claim(s) under the Policy.

98.   State every basis, in fact and in the terms of Plaintiffs' Policy, for the amount of money Defendants have either paid or offered to pay, if any, for Plaintiffs' claim(s) under the Policy.

99.   State the cause number, style, and court for each lawsuit filed against Defendants in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code §541.060 *et seq* or violations of Texas Insurance Code §542.055 *et seq.* in the handling of first party claims for property damage and water damage coverage under homeowners' insurance policies.

100.  State the legal theories and describe the factual bases for your contention, if you so contend, that Defendants fully complied with each of the claims handling requirements codified in Texas Insurance Code §541.060.

101. State the legal theories and describe the factual bases for your contention, if you so contend, that Defendants fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.055.

102. State the legal theories and describe the factual bases for your contention, if you so contend, that Defendants fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.056.

103. State the legal theories and describe the factual bases for your contention, if you so contend, that Defendants fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058.

104. State the name, address, and telephone number of each policyholder who gave Defendants written notice, within the last five years, of a complaint about Defendants' handling of first party claims for property and water damage coverage under homeowner insurance policies in Texas.

105. State the name, address, and telephone number of each policyholder from whom Defendants recorded a complaint, within the last five years, about Defendants' handling of first party claims for property and water damage coverage under homeowner policies in Texas.

106. For each complaint identified in the responses to the two interrogatories immediately preceding this interrogatory, please state whether any Texas governmental regulatory agency communicated with Defendants regarding the complaint, or whether Defendants communicated with any governmental agency regarding the complaint. If the response is yes for any such complainant, state the name of the agency, the name of the government's representative with whom Defendants exchanged communication, and the reason for the governmental agency's involvement.

107. For each investigation by a Texas governmental agency within the last five years into Defendants' practices when handling first party claims for property and water damage coverage under homeowners' policies, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendants communicated for purposes of the investigation.

108. Identify by name, address, and telephone number, all persons or entities, agency or agents, and brokers that have issued Plaintiffs' Policy.

FILED
2/23/2017 3:31:02 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Larry Botello Jr.

CAUSE NO. 2017CI02548

| | |
|---|---|
| ATHANASIA MARKADAS AND<br>KONSTANTINOS VALLAS, | §    IN THE DISTRICT COURT |
| | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | §    57TH JIDICIAL DISTRICT |
| | § |
| METROPOLITAN LLOYDS | § |
| INSURANCE COMPANY OF TEXAS AND | § |
| DERICK MITCHELL, | § |
| | § |
| Defendants. | §    BEXAR COUNTY, TEXAS |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiffs' Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiffs for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiffs are not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Defendant further alleges all of the terms and provisions of the policy of insurance issued to the Plaintiffs, including but not limited to the following policy provisions:

### COVERAGE A - DWELLING

1. **Dwelling Owners**. If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
   A.   the dwelling owned by **you** on the **residence premises**; and
   B.   structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES**.

* * *

### COVERAGE C - PERSONAL PROPERTY

**Personal Property Covered**
**We** cover personal property owned or used by **you** while it is anywhere in the world.

* * *

### CAUSES OF PROPERTY LOSS
### SECTION I - LOSSES WE COVER
### (SPECIAL PERILS)

**LOSS DEDUCTIBLE CLAUSE**
**We** will pay only when a loss exceeds the deductible amount shown in the Declarations. **We** will pay only that part of the loss over such stated deductible.

**COVERAGE A - DWELLING AND COVERAGE B - PRIVATE STRUCTURES**
**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A and B, except as excluded in **SECTION I - LOSSES WE DO NOT COVER**.

**COVERAGE C - PERSONAL PROPERTY**
**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverage C when loss or damage is caused by **SECTION I - BROAD NAMED PERILS**, except as excluded in **SECTION I - LOSSES WE DO NOT COVER**.

## SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus and Mold Remediation**.

* * *

2. **Windstorm or Hail**

    **We** do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

    * * *

## SECTION I - LOSSES WE DO NOT COVER

1. **We** do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

    * * *

    D. **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

        1. flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

3. **We** do not cover loss or damage to the property described in Coverage A and Coverage B which results directly or indirectly from any of the following:

    A. wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

Pleading further, Defendant would also assert that Plaintiffs have failed to comply with the terms and conditions of the insurance policy issued by Metropolitan to the Plaintiffs. Specifically, the subject insurance policy provides as follows:

<div align="center">SECTION I - CONDITIONS</div>

...

2.    **What you Must do After a Loss.  We** have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

   A.    Promptly notify **us** or **our** representative.
   ...
   B.    Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.

   C.    Cooperate with us in the investigation of a claim.
   ...
   E.    At any reasonable time and place **we** designate, and as often as **we** reasonably require:
      1.    show **us** the damaged property;
      2.    submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and

   ...

Pleading further, Plaintiffs failed to promptly repair the roof of the subject property and based upon information and belief, have not performed necessary repairs to the property.

<div align="center">**III.  JURY DEMAND**</div>

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiffs take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY | CONDER | ALLEN LLP

By:    Dennis D. Conder
       State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the ___23rd___ day of ___February___, 2017, a copy
of the foregoing was delivered via certified mail, return receipt requested, to Plaintiffs' counsel
of record.

Dennis D. Conder

PAN/PLDG/581486.1/001466.17969

FILED
2/23/2017 3:33:19 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Larry Botello Jr.

CAUSE NO. 2017CI02548

| | | |
|---|---|---|
| ATHANASIA MARKADAS AND KONSTANTINOS VALLAS, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | 57TH JIDICIAL DISTRICT |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND DERICK MITCHELL, | § § § § | |
| Defendants. | § § | BEXAR COUNTY, TEXAS |

## DEFENDANT DERICK MITCHELL'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Derick Mitchell, ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiffs' Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit

such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiffs for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiffs are not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

**DEFENDANT DERICK MITCHELL'S ORIGINAL ANSWER - PAGE 2**

Defendant further alleges all of the terms and provisions of the policy of insurance issued

to the Plaintiffs by Metropolitan Lloyds Insurance Company of Texas, including but not limited

to the following policy provisions:

## COVERAGE A - DWELLING

1.  **Dwelling Owners**. If **your** dwelling is a one, two, three or four family dwelling,
    **we** cover:
    A.      the dwelling owned by **you** on the **residence premises**; and
    B.      structures, equipment and accessories attached to the dwelling.
            Swimming pools not fully enclosed within the dwelling are covered
            under **COVERAGE B - PRIVATE STRUCTURES**.

\* \* \*

## COVERAGE C - PERSONAL PROPERTY

**Personal Property Covered**
**We** cover personal property owned or used by **you** while it is anywhere in the world.

\* \* \*

## CAUSES OF PROPERTY LOSS
## SECTION I - LOSSES WE COVER
## (SPECIAL PERILS)

**LOSS DEDUCTIBLE CLAUSE**
**We** will pay only when a loss exceeds the deductible amount shown in the Declarations.
**We** will pay only that part of the loss over such stated deductible.

**COVERAGE A - DWELLING AND COVERAGE B - PRIVATE STRUCTURES**
**We** will pay for sudden and accidental direct physical loss or damage to the property
described in Coverages A and B, except as excluded in **SECTION I - LOSSES WE DO
NOT COVER**.

**COVERAGE C - PERSONAL PROPERTY**
**We** will pay for sudden and accidental direct physical loss or damage to the property
described in Coverage C when loss or damage is caused by **SECTION I - BROAD
NAMED PERILS**, except as excluded in **SECTION I - LOSSES WE DO NOT
COVER**.

## SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss
will apply for sudden and accidental direct physical loss.

**DEFENDANT DERICK MITCHELL'S ORIGINAL ANSWER - PAGE 3**

Under the named perils listed below, **we** do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus aud Mold Remediation**.

\* \* \*

2.   **Windstorm or Hail**
     **We** do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

\* \* \*

### SECTION I - LOSSES WE DO NOT COVER

1.   **We** do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\* \* \*

D.   **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

     1.   flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

3.   **We** do not cover loss or damage to the property described in Coverage A and Coverage B which results directly or indirectly from any of the following:

     A.   wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

Pleading further, Defendant would also assert that Plaintiffs have failed to comply with the terms and conditions of the insurance policy issued by Metropolitan Lloyds Insurance

Company of Texas to the Plaintiffs. Specifically, the subject insurance policy provides as

follows:

<center>SECTION I - CONDITIONS</center>

...

2.  **What you Must do After a Loss. We** have no obligations to provide coverage
    under this policy if **you** or **your** representative fail to comply with the following
    duties and the failure to comply is prejudicial to **us**:

    A.  Promptly notify **us** or **our** representative.
        ...
    B.  Protect the property from further damage, make reasonable and necessary
        repairs required to protect the property and keep a record of necessary
        expenditures.
    C.  Cooperate with us in the investigation of a claim.
        ...
    E.  At any reasonable time and place **we** designate, and as often as **we**
        reasonably require:
        1.  show **us** the damaged property;
        2.  submit to questions concerning the loss under oath while not in the
            presence of any other person defined as **"you"**, and sign and swear
            to the answers; and
        ...

Pleading further, Plaintiffs failed to promptly repair the roof of the subject property and

based upon information and belief, have not performed necessary repairs to the property.

<center>**III.  JURY DEMAND**</center>

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiffs take

nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for

such other and further relief, both at law and in equity, specific and general, to which Defendant

may show himself to be justly entitled.

Respectfully submitted,

STACY | CONDER | ALLEN LLP

By:      Dennis D. Conder
         State Bar No. 04656400.

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the _23rd_ day of _February_, 2017, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiffs' counsel of record.

Dennis D. Conder

PAN/PLDG/581486.1/001466.17969

---